UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **MTD Products Inc,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21-00264 |
| v. ) | |
| ) | |
| **United States,** ) | |
| ) | |
| Defendant, ) | |
| ) | |

## COMPLAINT

Plaintiff MTD Products Inc ("MTD" or "Plaintiff") by and through undersigned counsel, alleges and states as follows:

### I. JURISDICTION

1. Plaintiff brings this action pursuant to section 516a of the Tariff Act of 1930, as amended (19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i)), which provides that certain final determinations on the record are reviewable by this Court.

2. This action is an appeal of the final affirmative determination of critical circumstances by the International Trade Commission (the "Commission") under 19 U.S.C. §§ 1671d and 1673d as implemented in the antidumping duty order and countervailing duty order on certain small vertical shaft engines from the People's Republic of China (case nos. A-570-124/731-TA-1493; C-570-125/701-TA-643) covering shipments of subject merchandise during the time period from July 23, 2020 through October 20, 2020 (A-570-124/731-TA-1493) and May 26, 2020

1

through August 23, 2020 (C-570-125/701-TA-643). *See Certain Vertical Shaft Engines Between 99cc and Up to 225cc, and Parts Thereof From the People's Republic of China: Antidumping and Countervailing Duty Orders*, 86 Fed. Reg. 23675 (May 4, 2021) (the "*Antidumping and Countervailing Duty Orders*"); *see also Small Vertical Shaft Engines From China*, 86 Fed. Reg. 22975 (Apr. 30, 2021).

3. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), which provides jurisdiction over civil actions commenced under 19 U.S.C. § 1516a.

## II. STANDING OF PLAINTIFF

4. Plaintiff MTD is a U.S. importer of certain small vertical shaft engines between 99cc and up to 225cc and parts thereof ("small vertical shaft engines") from the People's Republic of China ("China"). As such, Plaintiff is an interested party within the meaning of 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and 28 U.S.C. § 2631(k)(1). Plaintiff also filed case briefs and submitted factual information and otherwise participated fully in the underlying administrative proceeding that led to the factual findings and legal conclusions being challenged in this action. Accordingly, Plaintiff was a "party to the proceeding" and, therefore, has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## III. TIMELINESS OF THIS ACTION

5. Plaintiff filed this action by filing the Summons on May 27, 2021 within thirty (30) days after the United States Department of Commerce (the "Department") published the *Antidumping and Countervailing Duty Orders* in the Federal Register. *See Antidumping and Countervailing Duty Orders*, 86 Fed. Reg. 23675 (May 4, 2021). Plaintiff is filing this complaint on May 28, 2021, within 30 days after filing the summons. Accordingly, this action is timely filed under 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 28 U.S.C. § 2636(c) and Rule 3 of this Court.

## IV. FACTUAL ALLEGATIONS

6. This case involves the antidumping duty ("AD") order and countervailing duty ("CVD") order on small vertical shaft engines from China issued in connection with case nos. A-570-124/731-TA-1493 and C-570-125/701-TA-643, respectively.

7. On April 30, 2021, the Commission made determinations that an industry in the United States is materially injured by reason of imports of small vertical shaft engines from China to be sold in the United States at less than fair value and subsidized by the government of China. *Small Vertical Shaft Engines from China*, 86 Fed. Reg. 22975 (Apr. 30, 2021).

8. On April 30, 2021, the Commission also found that imports subject to the Department's affirmative critical circumstances determinations are likely to undermine seriously the remedial effect of the AD and CVD orders on small vertical shaft engines from China and, as a result, certain imports from China will be subject to retroactively imposed antidumping duties and countervailing duties. *Id*. *See also Antidumping and Countervailing Duty Orders*, 86 Fed. Reg. at 23675-76.

9. On May 4, 2021, the Department issued the *Antidumping and Countervailing Duty Orders* covering retroactively shipments of subject merchandise imported between July 23, 2020 and (up to and including) October 20, 2020 (A-570-124) and between May 26, 2020 and (up to and including) August 23, 2020 (C-570-125), *i.e.*, 90 days prior to the Department's preliminary determinations issued on October 21, 2020, and August 24, 2020, respectively. *See Antidumping and Countervailing Duty Orders*, 86 Fed. Reg. 23675 (May 4, 2021); *see also Certain Vertical Shaft Engines Between 99cc and Up To 225cc, and Parts Thereof, from the People's Republic of China: Preliminary Affirmative Determination of Sales at Less Than Fair Value, and Preliminary Affirmative Determination of Critical Circumstances, in Part*, 85 Fed. Reg. 66932 (Oct. 21, 2020);

*Certain Vertical Shaft Engines Between 99cc and up to 225cc, and Parts Thereof, From the People's Republic of China: Preliminary Affirmative Countervailing Duty Determination and Alignment of Final Determination With Final Antidumping Duty Determination*, 85 Fed. Reg. 52086 (Aug. 24 2020).

## V. STATEMENT OF CLAIMS

### COUNT ONE

10.     Plaintiffs incorporate by reference the allegations and facts set forth in paragraphs 1 through 9 above as if set forth fully herein.

11.     The Commission's final affirmative determination of critical circumstances as implemented in the *Antidumping and Countervailing Duty Orders* is unsupported by substantial evidence and otherwise is not in accordance with law as discussed below.

12.     The import volume and inventories subject to the Department's affirmative critical circumstances determination have not in fact increased by such a magnitude that they could undermine seriously the remedial effect of the *Antidumping and Countervailing Duty Orders* under 19 U.S.C. §§ 1671d(b)(4)(A) and 1673d(b)(4)(A), as determined by the Commission.

13.     The Commission has explained that, "the plain meaning of the term 'undermine seriously' establishes a very high standard: that the surge in imports greatly and insidiously weakens or subverts the effects of the order." *See* Statement of Administrative Action ("SAA") to the Uruguay Round Agreements Act, H.R. Rep. No. 103-316, at 877 (1994); *see also Certain Preserved Mushrooms from China, India, and Indonesia*, Inv. Nos. 731-TA-777-779 (Final), USITC Pub. 3159, at 27-28 (Feb. 1999) (views of Chairman Bragg, Commission Crawford, and Commissioner Askey).

14. The record of the present investigation demonstrates that foreign producers could not manufacture subject merchandise for a significant portion of the pre-petition period due to COVID-19-related plant closures and, in turn, the post-petition entries at issue reflect imports made after foreign producers restarted production and began fulfilling pre-petition orders. Further, COVID-19-related closures in the United States, in addition to commercial uncertainties regarding Petitioner's long-term viability and inability to meet a spike in domestic demand artificially inflated import volumes over this period. These extraordinary circumstances significantly distorted both the timing and volume of imports over the post-petition period, the first two factors the Commission must consider when making a finding of critical circumstances under 19 U.S.C. §§ 1671d(b)(4)(A) and 1673d(b)(4)(A).

15. Further, the Commission failed to consider other factors or "circumstances indicating that the remedial effect of the {order} will be seriously undermined" as required by 19 U.S.C. §§ 1671d(b)(4)(A) and 1673d(b)(4)(A). The record demonstrates that MTD had drawn down most of its import inventory from this period – built specifically for MTD's use – by the fourth quarter of 2020, which contravenes any alleged inventory overhang which might impact MTD's future supply needs. Indeed, after the imposition of provisional measures, MTD imported significantly fewer subject engines and purchased significantly more domestically-produced engines in the fourth quarter of 2020 than in the same period in 2019. Further, MTD consummated a new supply arrangement with Petitioner that includes significant price increases in 2021, despite its ongoing inability to meet demand. *See* MTD's Pre-Hearing Brief at Exhibit 6, para. 10. It is not evident, therefore, that the artificially inflated level of subject imports entered after the filing of the petition have supplanted sales for the domestic industry.

16. Therefore, the record evidence does not meet the very high standard that the imports at issue greatly and insidiously weakened or subverted the effects of the *Antidumping and Countervailing Duty Orders*. To the contrary, the record indicates that the extremely high duties have conferred a *de facto* monopoly to Petitioner from the time duties were first imposed.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment against Defendant and award the following relief:

a. Hold that the Commission's affirmative finding of critical circumstances was unsupported by substantial evidence and otherwise not in accordance with law.

b. Remand this matter with instructions to revise the Commission's final determination and the Department's *Antidumping and Countervailing Duty Orders* consistent with the findings of the Court; and

c. Grant Plaintiff such further and additional relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Alexander Schaefer

Alexander Schaefer

Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500
ASchaefer@Crowell.com

Counsel for MTD Products Inc

Dated: May 28, 2021

6

# CERTIFICATE OF SERVICE

Pursuant to Rule 3(f) of the Court of International Trade, I, Alexander Schaefer, hereby certify that I have caused copies of the Summons, Complaint, Form 5, Form 11, Form 13, and Form 17 in Ct. No. 21-00264, be served upon the parties in the administrative proceeding, by the U.S. certified mail, return receipt requested.

**UPON THE UNITED STATES:**
Attorney-in-Charge
**International Trade Field Office**
National Courts Section
Commercial Litigation Branch
**U.S. Department of Justice**
26 Federal Plaza, Room 346
New York, NY 10278

Jeanne Davidson, Director
Attorney-in-Charge
Civil Division
**Commercial Litigation Branch**
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

**UPON THE UNITED STATES**
**INTERNATIONAL TRADE COMMISSION:**
Lisa R. Barton
Secretary to the Commission
**U.S. International Trade Commission**
500 E Street SW
Washington, DC 20436

**UPON THE UNITED STATES DEPARTMENT**
**OF COMMERCE:**
Michelle O. McClelland
Assistant General Counsel for Administration
and Transaction, performing the non-exclusive
duties of the General Counsel
**U.S. Department of Commerce**
Mail Stop 5875 HCHB
14th and Constitution Avenue,
Washington DC 20230

Robert Heilferty
Chief Counsel for Enforcement and Compliance
Office of the Chief Counsel for Trade
Enforcement and Compliance
**International Trade Administration**
**U.S. Department of Commerce**
1401 Constitution Avenue, NW
Washington, DC 20230

**OTHER INTERESTED PARTIES:**

Stephen J. Orava, Esq.
**King & Spalding**
1700 Pennsylvania Avenue, NW
Washington, DC 20006

Johnathan T. Stoel, Esq.
**Hogan Lovells US LLP**
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

Donald Harrison, Esq.
**Gibson Dunn & Crutcher LLP**
1050 Connecticut Avenue., NW
Washington, DC 20036

Donald B. Pickard, Esq.
**Wiley Rein LLP**
1776 K Street, NW
Washington, DC 20006

Robert E DeFrancesco III, Esq.
**Wiley Rein LLP**
1776 K Street, NW
Washington, DC 20006

Roy Liu, Esq.
**Hughes Hubbard & Reed LLP**
1775 I Street, NW
Washington, DC 20006

Michael P. House, Esq.
**Perkins Coie, LLP**
700 13th Street, NW Suite 800
Washington, DC 20005-3960

Francis J. Sailer, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Ave., NW
Suite 650
Washington, DC 20005

Andrew T. Schutz, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Ave., NW
Suite 650
Washington, DC 20005

Jeffrey S. Grimson, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

Robert George Gosselink, Esq.
**Trade Pacific PLLC**
660 Pennsylvania Avenue, SE
Suite 401
Washington, DC 20002

Mark B. Lehnardt, Esq.
**Baker & Hostetler LLP**
1050 Connecticut Ave., NW
Suite 1100 Washington, DC 20036-5304

James P Durling
**Curtis, Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, NW
Washington, DC 20006

Xiaohua Hou
**Beijing Chang An Law Firm**
F9/10, Zhongjian Building, No.18 Xibahe Dongli,
Chaoyang District, Beijing, China

Kelly Alice Slater
**Appleton Luff Pte Ltd**
1025 Connecticut Avenue, NW
Suite 1000 Washington, DC 20036

Yangfan Xie
**Embassy of the Peoples Republic of China**
**Economic and Commercial Office**
2133 Wisconsin Avenue, NW
Washington, DC 20007

May 28, 2021                                                                                              *s/Alexander Schaefer*