UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER

| | |
|---|---|
| MTD PRODUCTS INC.<br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br>Defendant,<br><br>and<br><br>BRIGGS & STRATTON, LLC,<br>Defendant-Intervenor. | Court No. 21-00264 |

DEFENDANT-INTERVENOR'S RESPONSE TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Stephen J. Orava
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 737-0500

Counsel For Defendant-Intervenor
Briggs & Stratton, LLC

January 14, 2022

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... iii

GLOSSARY .......... iv

I. STATEMENT PURSUANT TO RULE 56.2 .......... 1

  A. Administrative Determination Under Review .......... 1

  B. Question Presented .......... 2

II. SUMMARY OF FACTS .......... 2

III. SUMMARY OF ARGUMENT .......... 2

IV. STANDARD OF REVIEW .......... 2

V. ARGUMENT .......... 2

VI. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Cleo Inc. v. United States*,
501 F.3d 1291 (Fed. Cir. 2007)........................................................ 6

*JMC Steel Grp. v. United States*,
70 F. Supp. 3d 1309 (Ct. Int'l Trade 2015) ................................... 5

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i)............................................................ 3

19 U.S.C. § 1671d(b)(4)(A)(ii) ...................................................... 3, 6

19 U.S.C. § 1671d(b)(4)(A)(ii)(I)........................................................ 5

19 U.S.C. § 1673d(b)(4)(A)(ii) ...................................................... 3, 6

19 U.S.C. § 1673d(b)(4)(A)(ii)(I)........................................................ 5

# GLOSSARY

| Term | Definition |
|---|---|
| Briggs & Stratton | Briggs & Stratton, LLC |
| Commission | U.S. International Trade Commission |
| ITC | U.S. International Trade Commission |
| MTD | MTD Products Inc. |

On behalf of Defendant-Intervenor Briggs & Stratton, LLC ("Briggs & Stratton"), we respectfully submit the following response to the Rule 56.2 motion of MTD Products Inc. ("MTD"). *See* Pl.'s Mem. in Supp. of Rule 56.2 Mot. for J. on the Agency R. (Oct. 12, 2021) (ECF No. 30-1) ("MTD Br."). As we discuss below, the affirmative critical circumstances determinations of the U.S. International Trade Commission ("Commission" or "ITC") are supported by substantial evidence and are in accordance with law.

## I. STATEMENT PURSUANT TO RULE 56.2

### A. Administrative Determination Under Review

MTD seeks review of the Commission's final affirmative critical circumstances determinations that imports subject to the final affirmative critical circumstances determinations by the U.S. Department of Commerce in the countervailing and antidumping duty investigations of *Small Vertical Shaft Engines from China* were likely to undermine seriously the remedial effect of the countervailing and antidumping duty orders. Notice of the Commission's determinations was published at 86 Fed. Reg. 22,975 (Apr. 30, 2021) (PD 162), Appx__. The Commission's Views for the determinations are contained in *Small*

*Vertical Shaft Engines from China*, Inv. Nos. 701-TA-643 and 731-TA-1493 (Final), USITC Pub. 5185, at 40-52 (Apr. 2021) (PD 164), Appx___.

### B. Question Presented

Briggs & Stratton adopts and incorporates by reference the question presented as set forth in the Commission's brief. *See* Def. United States Int'l Trade Comm'n's Mem. in Opposition to Pl.'s Mot. for J. on the Agency R. at 2 (Dec. 17, 2021) (ECF No. 33) ("ITC Br.").

## II. SUMMARY OF FACTS

Briggs & Stratton adopts and incorporates by reference the summary of facts as set forth in the Commission's brief. *See id.* at 4-24.

## III. SUMMARY OF ARGUMENT

Briggs & Stratton adopts and incorporates by reference the summary of argument as set forth in the Commission's brief. *See id.* at 2-4.

## IV. STANDARD OF REVIEW

Briggs & Stratton adopts and incorporates by reference the standard of review as set forth in the Commission's brief. *See id.* at 24-28.

## V. ARGUMENT

The brief filed by the Commission has effectively rebutted MTD's claims. Briggs & Stratton fully supports the Commission's arguments

and does not seek to provide additional arguments in this response. Instead, for the convenience of the Court, Briggs & Stratton briefly summarizes the following key points in this litigation.

First, MTD has not challenged the Commission's unanimous final affirmative determinations that dumped and subsidized imports of small vertical shaft engines from China caused material injury to the domestic industry. *See id.* at 1 n.1. The *only* issue before this Court is whether to affirm the Commission's 4-1 finding that imports subject to final affirmative critical circumstances determinations by the U.S. Department of Commerce were likely to undermine seriously the remedial effect of trade relief. *See id.* at 1.

Second, the Court must uphold the Commission's finding unless it is unsupported by substantial evidence on the record or is otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i).

Third, the Commission properly considered the legal factors for critical circumstances, including: (1) the timing and volume of the imports and (2) any rapid increase in inventories of the imports. 19 U.S.C. §§ 1671d(b)(4)(A)(ii), 1673d(b)(4)(A)(ii). The Commission's brief contains an extensive and detailed analysis of the record evidence

supporting its determinations, *see* ITC Br. at 31-43, and we need not repeat that discussion here.

Finally, none of the claims made by MTD comes close to showing that the Commission's finding is unsupported by substantial evidence or is otherwise not in accordance with law. The flaws in MTD's claims are briefly summarized below.

MTD complains about the time periods used by the Commission to analyze imports and inventories. *See* MTD Br. at 11-12. The petitions at issue here were filed on March 18, 2020. ITC Br. at 33. To compare the behavior of imports before and after the petitions were filed, the Commission used two five-month comparison periods, with the pre-petition period running from November 2019 through March 2020 and the post-petition period covering April 2020 through August 2020. MTD alleges that this approach was flawed because the pre-petition period included 12 days after the petitions were filed on March 18, while the post-petition period included seven days after the U.S. Department of Commerce imposed provisional duties on August 24, 2020 pursuant to its preliminary countervailing duty determination. MTD Br. at 11-12. This claim should be rejected. The Commission has discretion to apply

any methodology that is reasonable under the facts of the case. *See JMC Steel Grp. v. United States*, 70 F. Supp. 3d 1309, 1316 (Ct. Int'l Trade 2015). In these investigations, the best information available to the Commission was data on a monthly basis. ITC Br. at 34. Those data show that a massive surge of exports occurred during April through July 2020, meaning that data from March or August 2020 would not affect the Commission's analysis. *Id.* at 35. Finally, MTD itself recognizes that there were lead times of 90 to 120 days in terms of shipments from China to the United States, and the Commission's selected time frames helps to account for this lag time. *Id.* Thus, the Commission's analysis is supported by substantial evidence and otherwise in accordance with law.

MTD next claims that the Commission erroneously relied on export data instead of basing its analysis solely upon import data. *See* MTD Br. at 12-14. Although the statute directs the Commission to consider "the timing . . . of the imports," 19 U.S.C. §§ 1671d(b)(4)(A)(ii)(I), 1673d(b)(4)(A)(ii)(I), that language plainly allows the Commission to consider several key points relating to the issue of when imports enter this market – including the date on which they were exported. ITC Br.

at 44. Furthermore, the Commission has broad discretion to rely upon "other factors it considers relevant{.}" 19 U.S.C. §§ 1671d(b)(4)(A)(ii), 1673d(b)(4)(A)(ii). This statutory language certainly gives the Commission authority to consider export data. Indeed, given the "wide variations in shipment times in 2020 due to effects of the COVID-19 pandemic," *see* ITC Br. at 45 (citation omitted), it was plainly reasonable for the Commission to rely on export data from subject producers as the best information available.[1]

MTD also points to other investigations with affirmative critical circumstances determinations where the rate of increase was allegedly higher than it was here. MTD Br. at 9-10. But it has long been recognized that each Commission investigation is *sui generis* and depends on its own unique facts. *See Cleo Inc. v. United States,* 501 F.3d 1291, 1299 (Fed. Cir. 2007). In fact, the Commission has reached affirmative critical circumstances determinations "in cases with lower {percentage} increases between pre- and post-petition periods" than the

[1] The Commission's reliance on export data, and its inclusion of August 2020 in the post-petition period, meant that "the post-petition period included at least one month when exports were likely lower due to impending provisional duties." ITC Br. at 49. This fact actually supports MTD's position because it effectively lowers the volume of imports in the post-petition period. *Id.* Nevertheless, the record still leaves no doubt that imports in the post-petition period showed a sharp increase compared to the pre-petition period. *Id.* at 49-50.

investigations at issue here. ITC Br. at 52. Furthermore, the Commission did not rely solely on the percentage increase "but also considered the volumes associated with those increases in absolute terms and relative to consumption{.}" *Id.* at 53. MTD's suggestions to the contrary should be rejected.

MTD also claims that the Commission wrongly relied on end of 2019 inventories for the "pre-petition" level of inventories and end of September 2020 inventories for the "post-petition" level of inventories. *See* MTD Br. at 17-18. In response, the Commission has shown that this evidence represented the best data available, that the Commission compared end of September 2020 inventories with end of September 2019 inventories to properly account for seasonal trends, and that the historically long lead times in 2020 also made using end of September 2020 inventories reasonable. *See* ITC Br. at 53-55. Thus, MTD's claim should be rejected.

Finally, MTD asks this Court to second-guess the Commission on numerous points that MTD raised – and that the Commission rejected – during the Commission's investigations. *See* MTD Br. at 14-15, 18, 21-27. The Commission's brief demonstrates beyond question that it

carefully considered each of these arguments during the investigations, that it has properly articulated the basis for its decision in its determinations, and that the Court should reject MTD's invitation to reweigh the evidence. *See* ITC Br. at 55-68.

## VI. CONCLUSION

In conclusion, the Commission's affirmative critical circumstances determinations are supported by substantial evidence and are in accordance with law. Briggs & Stratton respectfully requests that the Court sustain the Commission's determinations.

Respectfully submitted,

*/s/ Stephen J. Orava*
Stephen J. Orava
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: sorava@kslaw.com

Counsel For Defendant-Intervenor
Briggs & Stratton, LLC

January 14, 2022

# CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedures 2(B)(1) and (2), I hereby certify that the attached DEFENDANT-INTERVENOR'S RESPONSE TO PLAINTIFF'S RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD contains 1,441 words, according to the word-count function of the word processing system used to prepare this submission (Microsoft Word).

*/s/ Stephen J. Orava*
Stephen J. Orava
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737
Email: sorava@kslaw.com

January 14, 2022